# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:17cr12-RH

REYNALDO RIPKE,

    Defendant.

_____/

## ORDER OF COMMITMENT FOR
## <u>MENTAL-HEALTH EXAMINATION</u>

The defendant Reynaldo Ripke, through his attorney, has moved for a psychiatric or psychological examination to determine his competency to stand trial. *See* 18 U.S.C. § 4241(a). The government does not oppose the motion. Mr. Ripke has not asserted a claim of insanity at the time of the charged offense and has not asked for an examination on that issue. *See* Fed. R. Crim. P. 12.2(c); 18 U.S.C. § 4242(a).

There is good cause for a competency examination. Accordingly,

IT IS ORDERED:

1. Based on 18 U.S.C. § 4247(b), the defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility. It is recommended that the facility be the one located at Butner, North Carolina, or Miami, Florida. The commitment is for the period needed to meet the requirements of this order. The commitment period under 18 U.S.C. § 4247(b) will begin when the defendant arrives at the facility. Until that time, the defendant is serving a prior sentence or in pretrial detention en route to the commitment.

2. The examination must determine whether at this time there is reasonable cause to believe that the defendant is suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense. The examination must be conducted as soon as practicable after arrival at the facility.

3. The appropriate authorities of the facility must render a written report as soon as practicable. The report must be filed with the court, with copies to the attorneys for the defendant and for the government. The report must include:

    a. The defendant's history and present symptoms;

    b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. The examiner's findings; and

   d. The examiner's opinions on diagnosis, prognosis, and whether the defendant suffers from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense.

   4. The United States Marshals Service must immediately report the designation made by the Bureau of Prisons and must transport the defendant to the designated facility as soon as possible.

   SO ORDERED on October 3, 2017.

            s/Robert L. Hinkle
            United States District Judge